UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 6: 02-101-DCR & |
| Plaintiff/Respondent, | ) | No. 6: 03-31-DCR |
| | ) | Civil Action No. 6: 07-81-DCR |
| V. | ) | |
| | ) | |
| KEITH DOUGLAS PHILLIPS, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of Defendant/Petitioner Keith Douglas Phillip's *pro se* motion to vacate, set aside, or correct a sentence filed pursuant to 28 U.S.C. § 2255. [Record No. 38, Case No. 03-31 & Record No. 101, Case No. 02-101] Consistent with local practice, this matter was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge filed his Recommended Disposition on February 12, 2008. [Record No. 61, Case No. 03-31 & Record No. 124, Case No. 02-101] Based on his review of the record and the applicable law, the Magistrate Judge recommended that Phillips' motion be denied. Neither party has filed objections to the Magistrate Judge's Report and Recommendation.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those

-1-

findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal. *See Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986).  Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's Recommended Disposition.

On May 9, 2003, Phillips entered into a "global" plea agreement that resolved two federal cases and pending state criminal charges.  In doing so, he pled guilty to seven federal counts involving identify theft violations pursuant to 18 U.S.C. §§ 1028(f) and 1029(a)(5).  Thereafter, on October 16, 2003, he was sentenced to 165 months of imprisonment.  In sentencing Phillips, the Court departed upward from the recommended guideline range based on Phillips' extensive criminal history, the likelihood of recidivism, the need for deterrence, and the danger that Phillips posed to the community.  Because the Guideline range nearly encompassed the fifteen year statutory maximum, Phillips moved to withdraw his plea at that time.  However, the Court denied the motion.  In his plea agreement, Phillips waived the right to appeal or collaterally attack his guilty plea, conviction and sentence.  Despite the waiver provisions, Phillips appealed his sentence.  The Sixth Circuit enforced the waiver and dismissed the appeal.

In March 2007, Phillips filed a motion under 28 U.S.C. § 2255 alleging several claims. In particular, he alleged that his plea agreement was unknowing and involuntary, his trial counsel was ineffective, the Court relied on improper facts in imposing his sentence, the Court violated Rule 11 by refusing to allow him to withdraw from the plea agreement, and the United States breached the plea agreement by failing to object to the upward departure.

-2-

The Magistrate Judge recommended that the Court reject Phillips' claim that he did not knowingly and voluntarily enter into the plea agreement, noting that, at the time Phillips pled guilty, the Court specifically warned Phillips that it may "depart" and "sentence above the guideline range." In addition, the Magistrate Judge recommended that the Court reject Phillips' contention that he was confused about the non-binding status of the sentence recommendation under Rule 11. Specifically, the Magistrate Judge noted that plea agreement tracked the non-binding language of Rule 11(c)(1)(B). Further, the Magistrate Judge concluded that Phillips was precluded from re-litigating his argument that the United States breached the plea agreement by failing to oppose the upward departure. On this issue, the Magistrate Judge stated that the Sixth Circuit had explicitly rejected the argument and that, therefore, this Court cannot reconsider the issue at this stage in the proceedings.[1]

The Magistrate Judge also recommended that the Court reject Phillips' ineffective assistance of counsel claims. In particular, Phillips claims that his counsel was ineffective for failing to object during the sentencing hearing when the United States made "inflammatory comments" about his bad character and for failing to pursue a Speedy Trial claim. The Magistrate Judge concluded that the ineffective assistance of counsel claims fail on the merits. In particular, the Magistrate Judge stated that the trial counsel's decision to give up a Speedy Trial claim was tactical and does not constitute ineffective assistance of counsel simply because the strategy was unsuccessful. With respect to the claim that the trial counsel was ineffective

---

[1]     With the exception of the ineffective assistance of counsel claim, the Magistrate Judge correctly noted that the Sixth Circuit's resolution of the remaining §2255 claims are binding on this Court.

for failing to object to the United States "inflammatory comments" about his bad character, the Magistrate Judge concluded that Phillips failed to demonstrate prejudice as required under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

This Court agrees with the Magistrate Judge's thorough analysis and reasoned conclusions. And because the claims asserted in his motion pursuant to § 2255 are clearly without merit, he has failed to demonstrate a substantial factual conflict warranting an evidentiary hearing or a substantial showing of the denial of a constitutional right entitling him to a Certificate of Appealability. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Recommended Disposition [Record No. 61, Case No. 03-31 & Record No. 124, Case No. 02-101] ] is **ADOPTED** and **INCORPORATED** by reference.

2. Phillips' motions to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 [Record No. 38, Case No. 03-31 & Record No. 101, Case No. 02-101] are **DENIED**.

3. A Certificate of Appealability shall not issue because Phillips has not made a substantial showing of the denial of any substantive constitutional right;

4. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket. This 3rd day of March, 2008.



Signed By:

*Danny C. Reeves*   DCR

United States District Judge